UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 3:94-CR-75-LRH-NA |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| STEPHEN FRIDGE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Defendant Stephen Fridge's Motion to Expunge, filed on August 13, 2013.  Doc. #588.  The United States filed a Response in Opposition to Fridge's Motion on August 29, 2013.  Doc. #591.

The Ninth Circuit "[has] recognized two sources of authority by which courts may expunge records of criminal conviction: statutes and our inherent authority [pursuant to 18 U.S.C. § 3231]." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004).  The Court's ancillary jurisdiction "is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.* at 793 (quoting *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000)).  The Court simply does not have the power "to expunge a record of a valid arrest and conviction solely for equitable considerations." *Id.* (quoting *Sumner*, 226 F.3d at 1014).

Here, Fridge identifies no statutory authority in support of his Motion to Expunge.  Nor is

there any suggestion that Fridge's arrest or conviction was in any way unlawful or invalid, or that there is any sort of clerical error in his record. Fridge's inability to pursue certain employment related opportunities due to his felony conviction, while undoubtedly disappointing, is not unusual or unwarranted. Rather, it is "the natural and intended collateral consequence[] of having been convicted." *United States v. Smith*, 940 F.2d 395, 396 (9th Cir. 1991). Because the Court's ancillary jurisdiction does not encompass the power to expunge a record for equitable reasons, the Court denies Fridge's Motion to Expunge.

IT IS THEREFORE ORDERED that Fridge's Motion to Expunge (Doc. #588) is DENIED.

IT IS SO ORDERED.

DATED this 18th day of October, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE